**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Payne, | No. CV-19-08254-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Bonnie Payne's ("Plaintiff") Motion for Attorney Fees under 42 U.S.C. § 406(b). (Doc. 19.) For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff filed this action on August 29, 2019, seeking review of the denial of her application for benefits under the Title II of the Social Security Act. (Doc. 1.) Plaintiff filed her opening brief on January 15, 2020. (Doc. 11.) Subsequently, the parties stipulated to remand the matter to the Administrative Law Judge ("ALJ") for further administrative proceedings, (Doc. 14), and the Court remanded the matter pursuant to the stipulation, (Doc. 15.) Upon remand, the ALJ issued a favorable decision and awarded past-due benefits.

On April 27, 2020, the Court awarded Plaintiff $3,109.54 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Plaintiff now moves for attorney's fees in the

amount of $22,725.00 pursuant to 42 U.S.C. § 406(b)(1).

## DISCUSSION

Pursuant to 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" Section 406(b) "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In determining whether a contingency fee request is reasonable, courts must "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808. Courts may reduce the amount requested in the contingent-fee agreement "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

Here, Plaintiff contracted to pay 25 percent of her past-due benefits on a contingency fee basis, in accordance with Section 406(b), (Doc. 1–2), and there is no evidence of substandard performance or delay by Plaintiff's counsel. However, $22,725.00 for 15.15 hours worked, which translates to an effective hourly rate of $1,500 per hour, in a case resolved without full briefing is unreasonably high. *See Gisbrecht*, 535 U.S. at 808 (explaining that downward adjustment is appropriate where "the benefits are large in comparison to the amount of time counsel spent on the case"). The Court finds that an award of $18,180.00 is appropriate. This award represents an effective hourly rate of $1,200.00, which falls within the range of effective hourly rates deemed reasonable by other Arizona district courts. *See, e.g.*, *Norden v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00373-PHX-JAT, 2020 WL 3472551, at *1–3 (D. Ariz. June 25, 2020) (reducing a requested award of $28,500.00, representing an effective hourly rate of $1,295.45, to

$26,400.00 because the award fell "slightly outside the range of reasonableness that this Court, and others in this district, have found reasonable in recent cases resolved by a stipulation to remand without full briefing"); *Demand v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08063-PCT-DLR, 2020 WL 1659898, at *1 (D. Ariz. Apr. 3, 2020) (awarding $18,660.00, instead of $25,266.00, because "an effective hourly rate of $1,624.82 is too high considering this case resolved through a stipulated remand without full briefing"). This award also considers the risks involved in a contingent-fee case while adjusting downward for the relatively short amount of time spent on the case.

Additionally, as the Court awarded Plaintiff attorney's fees under the EAJA, the Court orders that Plaintiff's counsel refund the EAJA award of $3,109.54 to Plaintiff. In *Gisbrecht*, the United States Supreme Court specified that fee awards may be made under the EAJA and §406(b) but "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." 535 U.S. at 796 (internal quotations and citations omitted).

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in Support of Plaintiff's Attorney's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. 19) is **GRANTED** in part and **DENIED** in part. Plaintiff's counsel is awarded $18,180.00 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the EAJA award of $3,109.54.

Dated this 29th day of March, 2021.

_____
G. Murray Snow
Chief United States District Judge